Colby *v.* Stevens.

## COLBY *v.* STEVENS.

A tender may be given in evidence before a justice of the peace, upon the general issue.

A brief statement of defence is not required before a justice.

It is not necessary to prove, under a plea of tender, that the identical money tendered was kept and brought into court.

ASSUMPSIT, for the price of two pigs, sold and delivered by the plaintiff to the defendant. The action was brought before a justice of the peace, tried on the general issue before him, and came by appeal to this court.

The evidence on the part of the plaintiff went to show that a bargain had been made between the parties that the plaintiff should sell the two pigs to the defendant for two dollars apiece, when they should be four weeks old; that on the day when they were of that age the defendant went to the plaintiff's, and the two pigs were taken by the

plaintiff and defendant and put in a basket brought there
by the defendant for that purpose, and taken by the de-
fendant out into the door-yard of the plaintiff's house;
that then the defendant proposed to pay the agreed price
of two dollars apiece, which the plaintiff refused to take,
and said he must have two dollars and fifty cents apiece
for the pigs; that the defendant refused to pay it, and said
he would pay two dollars apiece for the pigs, as he had
agreed; that the defendant then took out four dollars, in
current money, and offered it to the plaintiff, who said he
would not take it, but must have five dollars; that the
defendant then told the plaintiff that he might have the
four dollars whenever he called for it, and carried the pigs
away without paying for them; and after this offer to pay
the four dollars, and before the parties separated, the de-
fendant lent to a man who was there part of the four dol-
lars that he had taken out and offered to the plaintiff, but
had more than four dollars with him after he had lent the
money. There was no evidence that the plaintiff called
for the money afterwards.

The plaintiff objected to evidence of tender, under the
general issue joined before the justice of the peace; and
also contended that the defence of a tender was not main-
tained in evidence, because the identical money tendered
to the plaintiff was not kept for him by the defendant.

But the court admitted evidence of a tender, and in-
structed the jury that if the defendant offered to pay the
plaintiff what was due for the pigs, and had the money
ready to pay, and the plaintiff made no objection to the
kind of money offered, but refused to take it because the
defendant did not offer enough, current money, though
not specie, would be a good tender, and that the tender
would remain good, if the defendant, at all times after-
wards, was ready to pay the four dollars in legal money,
when called on, though he did not keep on hand the iden-
tical four dollars which he had offered to the plaintiff.

Colby *v.* Stevens.

Under these instructions the jury found that the money due for the pigs was tendered to the plaintiff.

The plaintiff excepted to the foregoing rulings and instructions of the court, and tendered his bill of exceptions, which was allowed.

*Pike & Barnard*, for the plaintiff.

*L. W. Fling*, for the defendant.

BELL, J.   It is said no evidence of tender was admissible under the general issue; and it is conceded that this is the general rule in cases pending in the higher courts.

The only statutory provision now in force on this subject is found in sec. 3 of ch. 187 of the Revised Statutes :

"No special plea shall ever be required in any civil action, except a plea of title to real estate before justices of the peace.   Either party may give in evidence any matter in support or defence of the action, under the general issue, upon filing in court a brief statement thereof, within such time as the court may order."

Before the passage of the Revised Statutes, the statute of December 31, 1828, sec. 5, was in force, which provided that "the defendant in any case triable before a justice of the peace, may give any special matter in evidence under the general issue, except such as may bring the title of real estate in question."   And this statute is but a reënactment of statutes long before in force.

A statute passed July 2, 1831, provides that "in all civil actions the defendant may plead the general issue, which shall be joined by the plaintiff, and either party may give in evidence any special matter in support or defence of the action, upon filing in the court a brief statement of such special matter, either of law or fact."

This statute, it will be perceived, is expressed in such general terms as to apply *in all civil actions*.   In 1836 the

Colby *v.* Stevens.

question was raised in the case of *Foster* v. *Leavitt*, 8 N. H. 353, whether this statute did not apply to cases pending before justices of the peace, so as to render a brief statement necessary to allow the introduction of any special matter of defence; and it was then decided that the statute of 1831 was passed to abolish special pleading in the higher courts, and never could have been intended to interfere with the provisions of the statute which regulated the proceedings before justices of the peace. "There is nothing," it was said by the court, "in the language used, that gives the slightest intimation of an intent to change the mode of proceeding there."

The section of the Revised Statutes on this subject is but a revision of the former statutes—the first clause substantially embracing the provision of the act of 1828, while the last follows almost verbatim the statute of 1831. Now it is a settled principle in the construction of statutes revising and consolidating previous enactments, that they are to receive the same construction in the revision which they had previously borne, unless there is such a change of the phraseology as clearly indicates an intention to change the operation and effect. *Mooers* v. *Bunker*, 29 N. H. (9 Fost.) 420; *Burnham* v. *Stevens*, 33 N. H. (2 Fogg) 247, and cases there cited. Here there is no change of phrase indicating any such intention, and the construction given, by an express reported decision, to the last clause of the statute of 1831, must be held to apply to the similar provision of the Revised Statutes.

If no such decision had been made, we think the same considerations which led the court in 1836 to regard the statute of 1831 as not intended to affect proceedings before justices, would apply with greater force to the last clause of the section of the Revised Statutes. It applies in terms to cases pending in courts, by which is perhaps generally to be understood the higher courts, particularly where the preceding sentence alludes, as it does here, to proceedings before justices of the peace.

Colby *v.* Stevens.

2. The evidence of tender was sufficient. It is not necessary to show that the identical money tendered had been kept at all times ready to make good the tender. The form of the plea of tender is decisive on this point. It alleges that the party has been always ready to pay the debt, and on such a day he tendered and offered to pay it; and he brings the said *sum* into court. It is not averred that he has kept the *same money*, and brings it into court. 2 Chit. Pl. 431, 469, 601, 661; 2 Saund. Pl. & Ev. 835. If a demand and refusal is replied, it is of the same *sum*, and not of the same money. 2 Ch. Pl. 601, 661.

All that is necessary is to prove the tender made, and that he had the same sum in readiness to pay the debt, and brings the same sum into court.

This question arose in the case of *Curtiss* v. *Greenbanks*, 24 Vt. (1 Dean) 536, cited by the defendant's counsel; and it was decided that when money is tendered and refused, the person tendering it is at liberty to use it as his own. All he is under obligation to do, is to be ready at all times to pay the debt in current money, when requested.

The exceptions are overruled, and the

*Judgment affirmed.*